# Order

**Michigan Supreme Court**
**Lansing, Michigan**

March 21, 2012

141727 (89)


ESTATE OF DANIEL D. JILEK, by JOY
A. JILEK, Personal Representative,
        Plaintiff-Appellee,

v

CARLIN C. STOCKSON, M.D., and EPMG
OF MICHIGAN,
        Defendants-Appellants,
and

MAPLE URGENT CARE, d/b/a MAPLE
HEALTH BUILDING, TRINITY HEALTH-
MICHIGAN, CATHERINE MCAULEY
HEALTH CENTER, IRWIN M. LUTWIN,
CARPENTER HEALTH CARE, d/b/a
CARPENTER HEALTH CENTER, and
ROBERT E. ANDERSON,
        Defendants.

_____/

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Marilyn Kelly
Stephen J. Markman
Diane M. Hathaway
Mary Beth Kelly
Brian K. Zahra,
Justices

SC: 141727
COA: 289488
Washtenaw CC: 05-000268-NH

On order of the Court, the motion for reconsideration of this Court's December 21, 2011 order is considered, and it is DENIED, because it does not appear that the order was entered erroneously.

MARKMAN, J. (*concurring*).

Plaintiff here moves for reconsideration of this medical malpractice case. He professes confusion about our order, while also professing that our order will "create enormous confusion for lawyers and judges handling [medical malpractice] cases." I concur in our denial of plaintiff's motion because, in my judgment, this Court has correctly decided both issues presented.

First, we reviewed de novo the appropriate standard of care. We held that "the appropriate standard of care was 'family practice' because the defendant-physician is

board-certified solely in family medicine" and that "the trial court properly allowed the jury to consider that standard of care in light of the facilities available[,] . . . an urgent care center . . . ." *Jilek v Stockson*, 490 Mich 961 (2011). This conclusion was the result of the following application of the law:

(1) As we stated in *Locke v Pachtman*, 446 Mich 216, 222 (1994):

Proof of a medical malpractice claim requires the demonstration of the following four factors: (1) the applicable standard of care, (2) breach of that standard of care by the defendant, (3) injury, and (4) proximate causation between the alleged breach and the injury. MCL 600.2912a . . . .

(2) As our citation in *Locke* indicates, MCL 600.2912a establishes the basis for determining the applicable "standard of care" in medical malpractice cases. It provides, in relevant part:

(1) . . . [I]n an action alleging malpractice, the plaintiff has the burden of proving that in light of the state of the art existing at the time of the alleged malpractice:

* * *

(b) The defendant, if a specialist, failed to provide the recognized standard of practice or care within that specialty as reasonably applied in light of the facilities available in the community or other facilities reasonably available under the circumstances, and as a proximate result of the defendant failing to provide that standard, the plaintiff suffered an injury.

(3) In *Woodard v Custer*, 476 Mich 545, 561 (2006), we then defined a "specialist" as "'a physician whose practice is limited to a particular branch of medicine or surgery, especially one who, by virtue of advanced training, is certified by a specialty board as being qualified to so limit his practice.'" (Citation omitted.)

(4) Defendant here is board-certified in family medicine. Thus, she is properly characterized as a "specialist" in family medicine.

(5) Therefore, pursuant to MCL 600.2912a(1)(b), the applicable standard of care is "that specialty as reasonably applied in light of the facilities available . . . ."

(6) In this case, "that specialty" was family medicine, and the "facilities available" consisted of an urgent care center. Accordingly, "the appropriate standard of care was 'family practice' because the defendant-physician is board-certified solely in family medicine" and "the trial court properly allowed the jury to consider that standard of care in light of the facilities available [to] . . . an urgent care center . . . ." *Jilek*, 490 Mich at

961.

(7) Contrary to the holding of the Court of Appeals, and as I believe is clear from *Woodard*, the "one-most-relevant-specialty" test is only applicable if the defendant has more than one specialty. *Woodard,* 476 Mich at 590 (MARKMAN, J., concurring). Here, defendant has only one specialty, family medicine. Pursuant to MCL 600.2912a(1)(b), *that* specialty determines defendant's standard of care. Thus, although defendant was practicing family medicine at the time of the alleged malpractice, this is irrelevant because defendant has only one specialty, and the "one-most-relevant-specialty" test is inapplicable. To the extent that *Reeves v Carson City Hosp (On Remand),* 274 Mich App 622 (2007), and *Gonzalez v St John Hosp & Med Ctr (On Reconsideration)*, 275 Mich App 290 (2007), are inconsistent with this conclusion, they were, in my judgment, necessarily overruled by this Court's previous order.

Second, we reviewed for abuse of discretion whether the trial court properly excluded evidence of the urgent care center's internal policies. We adopted the Court of Appeals dissent's analysis, which provided two independent bases for its conclusion that the trial court did not abuse its discretion in this regard:

(1) Pursuant to MCR 2.613(A), "[a]n error in the admission or exclusion of evidence . . . is not ground for granting a new trial [or] for setting aside a verdict . . . unless refusal to take this action appears to the court inconsistent with substantial justice." As the Court of Appeals dissent explained, the "majority [made] no attempt to explain how the errors it discerns from this record resulted in a jury verdict that was 'inconsistent with substantial justice.'" *Jilek v Stockson*, 289 Mich App 291, 317 (2010) (BANDSTRA, J., dissenting). For the reasons provided in our order and in Judge BANDSTRA's dissent, I do not believe that the admission of the exhibits would have made any significant difference at trial. Therefore, I cannot conclude that the result was "inconsistent with substantial justice."

(2) *Gallagher v Detroit-Macomb Hosp*, 171 Mich App 761, 765-766 (1988); *Buczkowski v McKay*, 441 Mich 96, 99 n 1 (1992); and *Zdrojewski v Murphy*, 254 Mich App 50, 62 (2002), all indicate that it is contrary to public policy to impose "a legal duty on a [defendant] on the basis of its internal policies . . . ." *Buczkowski*, 441 Mich at 99 n 1. Each of these cases was decided after the adoption of the Michigan Rules of Evidence, and thus their holdings were not preempted by the rules. In my judgment, the admission of the exhibits would have been contrary to established law, and thus I do not find that the trial court abused its discretion in excluding them.

CAVANAGH, J. (*dissenting*).

I would grant reconsideration for the reasons stated in my dissenting statement in

this case. I also agree with plaintiff that the majority order muddles the law and is inconsistent with *Woodard v Custer*, 476 Mich 545 (2006).

MARILYN KELLY and HATHAWAY, JJ., would grant reconsideration.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

March 21, 2012

_____
Clerk

t0314